BAKER, Judge
(dissenting):
I disagree with the majority on two counts. First, the majority concludes that the convening authority’s right to withdraw from the plea agreement terminated because Appellant began performance of the agreement. In particular, he elected trial by military judge alone on July 8, 2005, he entered into the stipulation with the trial counsel on August 29, 2005, and he filed his witness request on October 3, 2005. Second, and more importantly, the majority concludes that the language of the pretrial agreement did not permit amendment to address Appellant’s subsequent misconduct because the agreement did not include a misconduct clause. The majority is correct to focus on preferred outcomes, but wrong to conclude that because the agreement might have been drafted better, the parties should not be bound by its terms.
A. Performance Under the Agreement
With respect to the military judge alone request and Appellant’s entry into the stipulation, the record and the majority’s chronology both indicate that these two events occurred before the convening authority entered into the agreement on September 14, 2005. Thus, it is not clear how Appellant could, as a matter of military or contract law, begin performing on a contract that had not yet been signed by the convening authority and that had not entered into force. It appears that at the time Appellant submitted his offer for a plea agreement, he was essentially promising to do that which he had already done, in anticipation of an agreement.
B. The Proposed Modification of the Stipulation
The stipulation of fact is inextricably related to section 3.a. of the agreement setting forth circumstances allowing for cancellation of the agreement. Section 3.a. states:
I understand that this agreement may be canceled upon the happening of any of the following events:
a. My failure to arrive at an agreement with the trial counsel on the contents of the stipulation of fact, or any modification of the stipulation without my consent.
On its face, this provision indicates that the parties anticipated the possibility that one or both parties might seek modification of the agreement prior to trial. If so, the parties would have to agree on any modification. A stipulation is, by definition, an agreement between the parties. See Rule for Courts-Martial (R.C.M.) 811. Thus, this provision does little more than state a truism; however, it makes clear that the parties anticipated such an event. The text of the agreement does not limit the basis on which a modification might be sought. Moreover, according to the plain language of the agreement, any modification to the stipulation on which the parties could not agree would cancel the agreement.
As a result, had the convening authority not withdrawn from the agreement and instead forged ahead with the modification notwithstanding the accused’s refusal to accept it, the military judge would have been unable to accept the stipulation at trial as a matter of law because the accused would not have been in agreement with it. R.C.M. 811(c) (“Before accepting a stipulation in evidence, the military judge must be satisfied that the parties consent to its admission.”). Likewise, had the convening authority not withdrawn and not attempted to modify the stipulation, the Government, when asked by the military judge at trial whether it wished to be bound by the stipulation, presumably would have expressed its refusal to be bound by a stipulation with which they no longer agreed.
Nonetheless, the majority concludes that the cancellation provision does not encompass the Government’s proposed modification to address subsequent misconduct because most plea agreements include an express misconduct provision. United States v. Dean, 67 M.J. at 230-31 (C.A.A.F.2009) (“As *232 such, the modification proposed by the Government to include recent acts of alleged misconduct in the stipulation is outside the scope of the parties’ agreement. Because the pretrial agreement does not include a misconduct provision authorized in R.C.M. 706(c)(2)(D), the convening authority cannot rely on alleged acts of new misconduct to justify its withdrawal-.”). This agreement did not. But, here, the majority conflates what is preferred with what is legally required. In other words, the majority suggests that subsequent misconduct can only be addressed through resort to a subsequent misconduct provision, even if the language the parties agree upon permits otherwise.
Of course, the parties to a plea agreement that contains a stipulation are free to propose or make any modifications they see fit before the agreement is accepted by the military judge. R.C.M. 811(a) (“[t]he parties may make an oral or written stipulation to any fact”) (emphasis added); United States v. Kazena, 11 M.J. 28, 31 (C.M.A.1981) (the military judge at a court-martial is responsible for the immediate supervision of pretrial agreements in the military justice system). •Even if one accepts, the majority’s position that the promise to enter into the stipulation was limited to the circumstances of the charges, any modifications referred to in the cancellation provision were not so limited. There is no text in the agreement limiting any subsequent modification to the stipulation.
Moreover, and significantly, this is not a case where the Government has used its relative bargaining position to compel an accused to accept an agreement that favors only one side. The military judge found as a matter of fact that Appellant had drafted the terms of the agreement, including the cancellation provision. Neither the United States Army Court of Criminal Appeals nor the majority has found this finding clearly erroneous. Indeed, on its face, the cancellation provision in question is intended to protect the accused, making express what is implied in the law: either party could seek amendment to the agreement, but the Government could not change the agreement without Appellant’s consent.
Unusual facts can make bad law. The Appellant chose to enter into a stipulation of fact prior to reaching an agreement with the convening authority. In addition, the terms of the agreement did not include a subsequent misconduct provision as many agreements do. This is not wholly surprising as the language was drafted by defense counsel. However, even without an express subsequent misconduct provision, the plain terms of the agreement clearly permit subsequent and agreed upon modifications to the stipulation and permit withdrawal by either party when a proposed modification is not agreed upon. These terms are consistent with public policy and are not the product of Government overreaching.
In my view, whether the convening authority unilaterally withdrew or not, when Appellant and his defense counsel refused the proposed modification to the stipulation, the agreement was cancelled by operation of its terms. Any actions on Appellant’s part from that point forward cannot be considered performance of an agreement that no longer existed. As a result, I respectfully dissent.